# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHI GIANG HO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-50-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Chi Giang Ho, federal prisoner # 82698-179, challenges his 18-month sentence for the revocation of his supervised release. Ho argues that the district court erred by admitting the video identification made by the victim. He argues that the admission of this evidence violated his due process right to confront the witnesses against him as stated in *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). A supervisee has a due process right to "a fair and meaningful

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opportunity to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts." *United States v. Grandlund*, 71 F.3d 507, 509-10 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996). This right allows confrontation of witnesses pertaining to the revocation decision and does not extend to those witnesses pertaining to the revocation sentence. *Morrissey*, 408 U.S. at 484; *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

Ho asserts that this evidence was the only evidence to support a finding that he committed a Grade A violation of his release and that the evidence tainted both the decision to revoke and his sentence. Ho does not dispute that he admitted all of the revocation allegations except the assault. Because Ho admittedly possessed cocaine while under supervision, the district court had ample basis to conclude that he committed a Grade B violation. *See United States v. Bishop*, 228 F. App'x 464, 465 (5th Cir. 2007) (finding that possession of any amount of cocaine was punishable as a felony under Texas law and therefore constituted a Grade B violation). "Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release." U.S.S.G. § 7B1.3(a)(1). As the admitted Grade B violation required that Ho's release be revoked, his assertion that the evidence related to his Grade A violation affected the decision to revoke is spurious. Ho's remaining argument is that the challenged evidence tainted his sentence. As this argument pertains to his sentence only, the confrontation arguments he makes based on *Morrissey* do not apply.

**AFFIRMED.**