# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN D. HUDSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-121-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Kevin D. Hudson appeals the district court's judgment revoking his two terms of supervised release. For the first time on appeal, he argues that the district court violated his constitutional right to confront witnesses when it allowed the probation officer to testify about the out-of-court statements of his mother and sister. We review this newly raised argument for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10524

Hudson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The out-of-court statements by Hudson's mother and sister were irrelevant to the determination whether Hudson violated any of the conditions of his supervised release. Hudson pleaded true to each of the allegations in the revocation petition. The Government introduced the evidence in order to rebut Hudson's proffered justifications for possessing and using controlled substances. The right to confrontation did not apply because the hearsay testimony related to the revocation sentence rather than the decision to revoke supervised release. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006); *United States v. Giang Ho*, 598 F. App'x 317, 318 (5th Cir. 2015). Therefore, the district court did not commit clear or obvious error when it admitted the hearsay testimony. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.